IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2016 APR 18 P 1: 29
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| AARYAN & PRATHA, INC., an Alabama corporation, | ) ) ) |
| Plaintiff, | ) ) Civil Action No. 2:16-cv-0274-WHA |
| vs. | ) ) ) |
| COSTCO WHOLESALE CORPORATION, a Washington corporation, and COSTCO WHOLESALE MEMBERSHIP, INC., a California corporation, | ) ) ) ) ) ) |
| Defendant. | ) |

## COMPLAINT SEEKING
## PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF

Plaintiff, Aaryan & Pratha, Inc., seeks entry of preliminary and permanent injunctions pursuant to *Alabama Code* § 8-22-17 and Rule 65 of the *Federal Rules of Civil Procedure*, against Costco Wholesale Corporation and Costco Wholesale Membership, Inc. (hereinafter collectively referred to as "Costco"). As grounds in support of this complaint, Plaintiff states as follows:

1.  Plaintiff Aaryan & Pratha, Inc. is an Alabama corporation which owns and operates that certain Shell-branded convenience store and retail gasoline facility at 9264 Boyd Cooper Parkway, in Montgomery, Alabama 36117 (the "Facility"). The Facility is the nearest retail gasoline operation to the Costco location (approximately 0.7 of a mile) which sells gasoline at its warehouse at 8251 Eastchase Parkway, Montgomery, Alabama 36117.

2.  Defendant Costco Wholesale Corporation is a Washington corporation with its principal place of business at 999 Lake Drive, Issaquah, Washington 98027. Defendant Costco Wholesale Membership, Inc. is a California corporation with its principal place of business at 999

Lake Drive, Issaquah, Washington 98027. Costco engages in business in Alabama, including operating a retail gasoline facility at 8251 Eastchase Parkway, Montgomery, Alabama 36117.

3. The value of the relief sought by Plaintiff, including preliminary and permanent injunctive relief, and attorneys' fees, exceeds the sum or value of $75,000 exclusive of interest and costs.

4. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 based on the diversity of citizenship of the parties and amount in controversy as set forth in paragraphs 1, 2 and 3 hereinabove.

5. Plaintiff seeks injunctive relief against Costco for violation of the below cost prohibitions set forth in *Alabama Code* § 8-22-1, *et seq.* (1975), as amended, the "Alabama Motor Fuel Marketing Act" ("AMFMA" or the "Act") which reads, in pertinent part:

> § 8-22-6 Certain below cost fuel sales prohibited.
>
> It shall be unlawful for any person engaged in commerce in this state to sell or offer to sell motor fuel below cost or to sell or offer to sell it at a price lower than the seller charges other persons on the same day and on the same level of distribution, within the same market area, where the effect is to injure competition.

6. Section 8-22-17 expressly provides the remedies, including injunctive relief, sought by Plaintiff herein. Section 8-22-17 makes the granting of injunctive relief mandatory upon certain showings. That section provides in part:

> (a) Any person injured by any violation, or who would suffer injury from any threatened violation, of this chapter may maintain an action in any court of equity jurisdiction to prevent, restrain, or enjoin such violation or threatened violation. If in such action a violation or threatened violation of this chapter shall be established, the court <u>shall</u> enjoin and restrain, or otherwise prohibit, such violation or threatened violation and, in addition thereto, the court shall assess in favor of the plaintiff and against the defendant the costs of the suit, including reasonable attorney's fees.

2

(emphasis added).

7.     Plaintiff seeks only injunctive relief pursuant to § 8-22-17. Plaintiff seeks no monetary damages as otherwise allowed under § 8-22-17(a) and (b). Plaintiff does seek the award of attorney's fees and costs as authorized under § 8-22-17.

8.     Plaintiff is an injured person within the meaning of Alabama Code § 8-22-17(a). It is injured, among other ways, in that Costco's illegal practices have cost it sales and gross gasoline margin. Therefore, Plaintiff is the proper person to seek the relief requested. The hardship imposed on Costco by the issuance of a preliminary injunction will be far less than the continued financial injury and hardship which will be imposed upon Plaintiff if such injunctive relief were denied.

9.     Section 8-22-6 of the AMFMA prohibits the offer to sell and the sale of motor fuel below cost where the effect is to injure competition. Section 8-22-4(16) defines "Cost to Retailer" such as Costco as:

> …the most recent invoice or weighted-average of the cost of the motor fuel, whichever is less, less all trade discounts except customary discounts for cash, to which should be added all applicable state, federal and local taxes, inspection fees, freight cost, if paid by the retailer, plus the cost of doing business.

10.    At various times during calendar year 2016 at its Montgomery, Alabama location, Costco has offered to sell and has sold motor fuel to retail customers at prices that were lower than its cost as defined by the AMFMA. These offers to sell and sales were made with the intent and had the effect of injuring competitors, to include Plaintiff. By way of example only, Costco sold regular unleaded gasoline at its facility in Montgomery, Alabama on the following days at the stated prices:

| Date | Retail Price | Laid-in Cost[1] Using Cheapest Available Rack Price (Montgomery Terminal) | Over/ Under Laid-in Cost |
|---|---|---|---|
| 3/10/16 | $1.489 | $1.7050 | (0.216) |
| 3/14/16 (morning) | 1.589 | 1.6940 | (0.105) |
| 3/14/16 (afternoon) | 1.629 | 1.6940 | (0.065) |
| 3/15/16 (morning) | 1.629 | 1.6910 | (0.062) |
| 3/16/16 | 1.629 | 1.6875 | (0.0585) |
| 3/17/16 | 1.629 | 1.6715 | (0.0425) |
| 3/21/16 | 1.629 | 1.7180 | (0.089) |
| 3/28/16 | 1.629 | 1.7605 | (0.1315) |
| 3/29/16 | 1.629 | 1.7520 | (0.123) |
| 3/30/16 | 1.629 | 1.7365 | (0.1075) |
| 3/31/16 (morning) | 1.679 | 1.719 | (0.04) |
| 3/31/16 (afternoon) | 1.629 | 1.719 | (0.09) |
| 4/7/16 | 1.629 | 1.6815 | (0.0525) |
| 4/11/16 | 1.669 | 1.7695 | (0.1005) |
| 4/12/16 | 1.739 | 1.8255 | (0.0865) |
| 4/13/16 | 1.749 | 1.8470 | (0.098) |
| 4/14/16 (morning) | 1.749 | 1.829 | (0.08) |
| 4/14/16 (afternoon) | 1.759 | 1.829 | (0.07) |
| 4/15/16 | 1.759 | 1.811 | (0.052) |

---

[1] "Laid-in" cost is an industry term of art meaning the cost to "lay" the fuel in the ground at the subject retail location. Thus, it consists of the rack – or wholesale – price plus all applicable taxes and fees, plus a reasonable freight charge. Laid-in cost is also the first half of the definition of "Cost to Retailer" found in *Ala. Code §*8-22-4(16); the other half of "Cost to Retailer" being the cost of doing business which is defined in 8-22-4(17). It should be further noted that although these cost analyses use the cheapest of all available publicly posted rack prices out of the Montgomery, Alabama terminals, fuel from the supplier posting the cheapest rack price is often not available. The best example of that at the Montgomery terminals is Valero which often has little or no product at the Montgomery terminals, and Costco would not be buying fuel from it. Costco's actual laid-in cost at this point is

4

11. The Act provides that all discounts, promotionals, gifts, etc. must be considered in determining the retailer's selling price. *See* § 8-22-10. Costco advertises the sale of gasoline by, among several means, using a Costco Membership Card to reduce the price of gasoline. Such advertising, offers and sales continue as of the filing of this complaint. It also posts its gasoline prices on a "sandwich board" type sign at its location visible from the public street.

12. Plaintiff contends that Costco, during calendar year 2016, sold unleaded regular gasoline at retail at its Montgomery, Alabama location in violation of the Alabama Motor Fuel Marketing Act. Moreover, Costco's retail price of unleaded gasoline was typically below even its "laid-in" cost and before adding a "cost of doing business" element as required by the Act. Costco has also sold premium gasoline below cost as defined by the Act. Also, by way of example only, on April 14, 2016, Costco sold premium unleaded gasoline for $2.135. Using the cheapest low-rack price from Montgomery for premium gasoline, adding all applicable taxes and fees plus freight yields a laid-in cost of $2.329. Costco's stated price is $0.19 below even laid-in cost.

13. Costco's offers to sell and sales of regular unleaded gasoline and other grades of gasoline at this outlet during 2016 have regularly been below cost and constitute a violation of § 8-22-6 of the AMFMA. In fact, Costco sells gasoline below cost virtually day in and day out without regard to the requirements of the Act.

14. The offers to sell and sales of gasoline made by Costco were undertaken with the intent and the effect of injuring Plaintiff and other competitors in the same market area as provided in §8-22-6. These illegal pricing practices have already damaged Plaintiff's business, and caused irreparable harm, and if these violations are allowed to continue, Costco will cause and continue to

---

unknown to Plaintiff, but will be a part of the discovery process; but this cost analysis uses the cheapest available price out of the nearest terminal, i.e. Montgomery.

cause irreparable harm to Plaintiff and other competitors.

15.  Section 8-22-17 of the Act provides that a court of equity may restrain or enjoin any violation or threatened violation of the Act, and that successful Plaintiffs shall be awarded the costs of suit including reasonable attorneys' fees. Plaintiff is entitled to an injunction to stop Costco's illegal activities together with an award of costs and reasonable attorneys' fees.

16.  The granting of a preliminary and permanent injunction against Costco will serve the public interest by prohibiting Costco from continuing to engage in the type of unfair and predatory practice that the Legislature expressly found to be harmful to the public interest.

WHEREFORE, Plaintiff Aaryan & Pratha, Inc. prays that this Court enter preliminary and permanent injunctions prohibiting Costco from selling any grade of motor fuel at retail prices below Costco's "Cost to Retailer" of such motor fuel, as provided for in the Alabama Motor Fuel Marketing Act. Further, Plaintiff asks this Court to award it all reasonable fees and costs herein as provided in § 8-22-17(a), and such further equitable relief to which Plaintiff may be entitled.

Dated this 18th day of April, 2016.

Attorneys for Plaintiff Aaryan & Pratha, Inc.

*/s/ H. Dean Mooty, Jr.*
H. Dean Mooty, Jr. (ASB-2844-076H)
Robert S. Mooty (ASB-5407-R58M)

OF COUNSEL:
MOOTY & ASSOCIATES, P.C.
600 Clay Street
Montgomery, Alabama 36104
Telephone:   (334) 264-0400
Facsimile:    (334) 264-0380
E-mail:        hdm@mooty-assoc.com
                   rsm@mooty-assoc.com